UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL J. EGAN,<br><br>                       Petitioner,<br><br>                  -v.-<br><br>BARRY E. LOUGHRANE REVOCABLE TRUST,<br><br>                       Respondent. | 22 Civ. 497 (KPF)<br><br>**OPINION AND ORDER** |

KATHERINE POLK FAILLA, District Judge:

Petitioner Michael J. Egan has filed this motion for summary judgment on his petition (the "Petition") to confirm a November 5, 2021 arbitral award (the "Award") against Respondent Barry E. Loughrane Revocable Trust ("Respondent" or the "Trust"), pursuant to Section 9 of the Federal Arbitration Act, 9 U.S.C. §§ 1-14. In addition to seeking confirmation of the Award, Petitioner seeks an Order directing the Central Registration Depository ("CRD") to expunge certain customer dispute information from Petitioner's record. Respondent has not opposed the Petition or the summary judgment motion, nor has it otherwise appeared in this action. For the reasons set forth below, the Court grants Petitioners' motion.

**BACKGROUND**[1]

**A.    Factual Background**

On October 25, 2019, Respondent, through its trustees Barry E. Loughrane ("Barry") and Andrew D. Loughrane ("Andrew," and collectively,

---

[1]    The facts in this Opinion are drawn from Petitioner's Local Rule 56.1 Statement ("Pet. 56.1" (Dkt. #10)), along with the exhibits attached to the declaration of Lainie E. Cohen,

"Trustees"), commenced the underlying arbitration proceeding, entitled *Barry E. Loughrane Revocable Tr.* v. *Lincoln Fin. Advisors Corp. and Moors & Cabot, Inc.*, Financial Industry Regulatory Authority ("FINRA") Dispute Resolution Case No. 19-03215 (the "Arbitration"), by filing a Statement of Claim with FINRA Dispute Resolution against Lincoln Financial Advisors Corporation ("LFA") and Moors & Cabot, Inc. ("M&C"). (Pet. 56.1 ¶ 2).[2] In its Statement of Claim, Respondent alleged breach of contract, violation of FINRA Rules, common law and statutory fraud, aiding and abetting, breach of fiduciary duty, negligence, and gross negligence arising from a series of Variable Pre-Paid Forward Contracts ("PPFs") into which Trustees had entered from 2011 to 2019. (*Id.* at ¶¶ 2, 11). Respondent sought damages in the amount of $1,486,278.29 net from the investment, $520,000 in unnecessary taxes on the increased price of the concentrated position that the Trust never received, and lost opportunity damages. (*Id.* at ¶ 12).

In their Answers, LFA and M&C denied all of the Trust's allegations and asserted a number of affirmative defenses. (Pet. 56.1 ¶ 13). They also asserted third-party claims against Paul Majane, the personal broker and financial adviser to the Trust and Trustees, for indemnification and contribution for his breach of fiduciary duty to the Trust. (*Id.* at ¶ 14). Further, M&C sought

---

Petitioner's counsel of record (Dkt. #9 ("Cohen Decl., Ex. [ ]")). Citations to Petitioner's Rule 56.1 Statement incorporate by reference the documents cited therein.

[2] As explained in the text above, Respondent in this case was the petitioner in the underlying FINRA arbitration. For clarity, the Court uses "Petitioner" and "Respondent" to connote the parties' respective roles in the instant proceeding only.

2

expungement on behalf of Egan, who was not personally named in the Statement of Claim, but whose employer had reported the Trust's claim on the notice of Egan's termination, or "Form U5," that was filed with the CRD. (*Id.* at ¶¶ 15-16). Respondent's claim also appears on Egan's BrokerCheck report, which is available to the public by running a search on the FINRA website. (*Id.* at ¶ 16).

Prior to the hearing in the Arbitration, the parties participated in a FINRA mediation and settled the Trust's claims. (Pet. 56.1 ¶ 17). On May 20, 2021, the parties informed FINRA of the settlement, but M&C requested that the matter remain open so that Egan could move forward with his claim for expungement of information from his CRD record. (*Id.* at ¶ 18). On September 16 and 23, 2021, the three-arbitrator panel (the "Panel") conducted a telephonic hearing regarding Egan's request for expungement, at which he testified on his own behalf. (*Id.* at ¶ 19). Both Andrew (on behalf of the Trust) and Majane participated in the hearing and did not object to Egan's claim for expungement. (*Id.* at ¶ 20). LFA did not participate in the hearing. (*Id.* at ¶ 21).

On November 5, 2021, FINRA issued the Panel's Award, which granted Egan's request for expungement. (Pet. 56.1 ¶ 22). In it, the Panel made specific findings regarding Egan's culpability *vel non* for the Trust's alleged losses, including a finding that "the registered person was not involved in the alleged investment-related sales practice violation, forgery, theft, misappropriation, or conversion of funds." (*Id.* at ¶¶ 23-24). After deliberation,

3

and based on the pleadings, the settlement agreement, Egan's BrokerCheck report, Egan's testimony, and the proffered exhibits, the Panel determined that all requirements for expungement of the Trust's claims under FINRA Rule 2080 had been met. (*Id.* at ¶ 25).[3]

On November 12, 2021, Egan sought permission from FINRA to waive FINRA's Rule 2080 requirement that the agency be named as a party to all petitions seeking judicial confirmation of arbitration awards containing expungement relief. (Pet. 56.1 ¶ 26). FINRA granted Egan's request on December 20, 2021. (*Id.*). On January 20, 2022, Egan served his Petition on counsel for the Trust, who accepted service on the Trust's behalf. (*Id.* at ¶ 27). A signed Waiver of Service was filed on February 2, 2022. (*Id.*).

B.  **Procedural Background**

On January 20, 2022, Petitioner filed the instant Petition to confirm the Award. (Dkt. #1; Pet. 56.1 ¶ 1). On January 21, 2022, the Court ordered Petitioner to move for confirmation of the Award in the form of a motion for summary judgment, with opening papers due February 21, 2022. (Dkt. #5). The Court ordered Respondent to file its opposition papers by March 7, 2022, and ordered Petitioner to file any reply papers by March 14, 2022. (*Id.*). On February 2, 2022, Petitioner filed a Form AO 399 ("Waiver of the Service of Summons"), indicating that Respondent had agreed to waive service pursuant to Rule 4 of the Federal Rules of Civil Procedure. (Dkt. #6). Petitioner filed his

---

[3] FINRA Rule 2080 sets forth the procedures by which members or associated persons may seek to expunge information from the CRD system concerning disputes with customers.

motion for summary judgment on February 22, 2022 (Dkt. #7-10), and submitted an affidavit to the Court indicating that his motion papers had been emailed to Respondent the same day (Dkt. #11).  Petitioner filed a reply memorandum on March 23, 2022.  (Dkt. #12).  Respondent has neither filed opposition papers nor appeared in the case.  As such, Petitioner's motion is ripe for the Court's consideration.

## DISCUSSION

**A.    The Court Confirms the Arbitration Award**

   **1.    Applicable Law**

      **a.    Confirmation of Arbitration Awards**

The Federal Arbitration Act "provides a 'streamlined' process for a party seeking a 'judicial decree confirming an award, an order vacating it, or an order modifying or correcting it.'"  *Doud* v. *Gold*, No. 19 Civ. 6561 (KPF), 2019 WL 5209615, at *2 (S.D.N.Y. Oct. 16, 2019) (quoting *Hall St. Assocs., L.L.C.* v. *Mattel, Inc.*, 552 U.S. 576, 582 (2008)).  "The Federal Arbitration Act governs confirmation of an award that is rendered in a FINRA arbitration."  *Egan* v. *Trower*, No. 20 Civ. 6165 (NRB), 2021 WL 197085, at *2 (S.D.N.Y. Jan. 20, 2021) (citing *Dishner* v. *Zachs*, No. 16 Civ. 4191 (LGS), 2016 WL 7338418, at *1 (S.D.N.Y. Dec. 19, 2016)).  "In furtherance of this streamlined procedure, judicial review of an arbitral award is sharply circumscribed."  *Doud*, 2019 WL 5209615, at *2 (citing *Willemijn Houdstermaatschappij, BV* v. *Standard Microsystems Corp.*, 103 F.3d 9, 12 (2d Cir. 1997)).

5

Indeed, "[n]ormally, confirmation of an arbitration award is 'a summary proceeding that merely makes what is already a final arbitration award a judgment of the court,'" and under the Federal Arbitration Act, "the court 'must grant' the award 'unless the award is vacated, modified, or corrected.'" *D.H. Blair & Co., Inc.* v. *Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) (quoting *Florasynth, Inc.* v. *Pickholz*, 750 F.2d 171, 176 (2d Cir. 1984); 9 U.S.C. § 9). The movant's burden "is not an onerous one" and requires only "a barely colorable justification for the arbitrator's conclusion." *Neshgold LP* v. *N.Y. Hotel & Motel Trades Council, AFL-CIO*, No. 13 Civ. 2399 (KPF), 2013 WL 5298332, at *7 (S.D.N.Y. Sept. 19, 2013) (internal quotation marks omitted) (quoting *N.Y.C. Dist. Council of Carpenters Pension Fund* v. *Angel Const. Grp., LLC*, No. 08 Civ. 9061 (RJS), 2009 WL 256009, at *1 (S.D.N.Y. Feb. 3, 2009)). "The arbitrator's rationale for an award need not be explained, and the award should be confirmed 'if a ground for the arbitrator's decision can be inferred from the facts of the case.'" *Gottdiener*, 462 F.3d at 110 (quoting *Barbier* v. *Shearson Lehman Hutton, Inc.*, 948 F.2d 117, 121 (2d Cir. 1991)). "The FAA's limited bases for vacating an arbitration award include instances where the award was procured by corruption, fraud, or undue means; where there was evident partiality on the part of the arbitrator; where the arbitrator was guilty of misconduct in refusing to hear evidence material to the controversy; or where the arbitrator exceeded his power." *Roy* v. *Buffalo Philharmonic Orchestra Soc'y, Inc.*, 682 F. App'x 42, 44 (2d Cir. 2017) (summary order) (citing 9 U.S.C. § 10(a)).

### b. Summary Judgment

Courts within this Circuit approach an unopposed petition to confirm an arbitration award "as akin to a motion for summary judgment based on the movant's submissions, and the court may not grant the motion without first examining the moving party's submission to determine that it satisfactorily demonstrates the absence of material issues of fact." *Doud*, 2019 WL 5209615, at *3 (quoting *Neshgold LP*, 2013 WL 5298332, at *7 (internal quotation marks and citation omitted)); *see generally Amaker* v. *Foley*, 274 F.3d 677, 681 (2d Cir. 2001) ("Thus, it is clear that even when a nonmoving party chooses the perilous path of failing to submit a response to a summary judgment motion, the district court may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial."). This Court has gone a step further, by requiring Petitioner to file a motion for summary judgment. Under the familiar legal standards, a "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is genuine where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Fireman's Fund Ins. Co.* v. *Great Am. Ins. Co. of N.Y.*, 822 F.3d 620, 631 n.12 (2d Cir. 2016) (internal quotation marks and citation omitted). A fact is "material" if it "might affect the outcome of the suit under the governing law[.]" *Anderson* v. *Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## 2. Analysis

The Court finds the Petition to be well-supported by the record. *First*, there are no material facts in dispute: Respondent has not contested any of the material facts upon which Petitioner's motion for summary judgment is based, and the record discloses no dispute concerning those facts.

*Second*, the Court finds that the grounds for the arbitral award are readily discernible from the contents of the award. The arbitral panel "conducted recorded hearings by videoconference on September 16 and 23, 2021, so the parties could present oral argument and evidence on Respondent Moors & Cabot's request for expungement on behalf of Unnamed Party Egan." (Award at 3). In reaching its conclusion, the panel "consider[ed] the pleadings, the testimony and evidence presented at the expungement hearing, and any post-hearing submissions," including "the settlement agreement; [Egan's] BrokerCheck Report and his testimony; and the exhibits." (*Id.* at 4). The arbitral panel's findings surpass the degree of reasoning courts require to confirm an arbitration award. *See Maersk Line Ltd.* v. *Nat'l Air Cargo Grp., Inc.*, No. 16 Civ. 6272 (KPF), 2017 WL 4444941, at *3 (S.D.N.Y. Oct. 4, 2017) ("The award contains the arbitrator's factual findings, including the contractual relationship between the parties, Maersk's performance under the contract, an accounting of the charges in arrears discussed *supra*, and National Air's receipt of invoices for those charges without objection. These findings surpass the degree of reasoning courts require to confirm an arbitration award." (internal citations omitted)); *Gottdiener*, 462 F.3d at 110 ("The arbitrator's rationale for

8

an award need not be explained, and the award should be confirmed if a ground for the arbitrator's decision can be inferred from the facts of the case." (internal quotation marks omitted)).

*Third* and finally, there are no grounds for setting aside the Award. *See Gottdiener*, 462 F.3d at 110 ("[T]he court must grant the award unless the award is vacated, modified, or corrected." (internal quotation marks omitted)). It is undisputed that the parties agreed to proceed pursuant to FINRA arbitration, that both sides were given the opportunity to participate fully in the arbitration, and that a final award was issued. Respondent has made no challenges to the Award's legal sufficiency. The Award has not been vacated or modified upon any ground specified in 9 U.S.C. § 10 or § 11, nor has Respondent made any effort to vacate, modify, or correct the Award, and the Court has found no basis to do so *sua sponte*.

The Court therefore affirms the arbitration award, and grants the relief requested therein.

## CONCLUSION

For the foregoing reasons, Petitioners' motion for summary judgment on their petition to confirm the arbitration award is GRANTED. FINRA is hereby ORDERED to execute the Arbitration Panel's expungement directive removing all references to the Arbitration (Occurrence #2055483) from the CRD records of Petitioner Michael Egan (CRD #2124653). The Clerk of Court is directed to terminate all pending motions, adjourn all remaining dates, and close this case.

SO ORDERED.

Dated:     May 19, 2022
           New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge